# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PAUL REIMANN

    - against -

Greg Castellani, Director
New Jersey Unemployment Insurance

Robert Asaro-Angelo, Commissioner
New Jersey Department of Labor and
Workforce Development

**COMPLAINT**
Jury Trial: Yes

DOCKET NUMBER

_____

I.    **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal Court:

1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case;

2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case;

A.    What is the basis for federal court jurisdiction?
**Federal Questions**

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **ENFORCEMENT OF PANDEMIC UNEMPLOYMENT ASSISTANCE (PUA) LEGISLATION AND FEDERAL CIVIL RIGHTS VIOLATION: DISABLED.**

## Parties

<u>Plaintiff</u>:
I, Paul Reimann, am a resident of Atlantic City, New Jersey, Atlantic County, residing at 2834 Atlantic Ave, Apt 606, Atlantic City, NJ 08401.

<u>Defendant</u>:
Greg Castellani, Director
New Jersey Unemployment Insurance
22 S Clinton Ave, Trenton, NJ 08609

<u>Defendant</u>:
Robert Asaro-Angelo, Commissioner
New Jersey Department of Labor and Workforce Development ET AL
1 John Fitch Plaza · Trenton, NJ 08625

Robert Asaro-Angelo, Commissioner
State of New Jersey
Department of Labor & Workforce Development
P.O. Box 110
Trenton, NJ 08625-0110

## Complaint

1. I, Paul Reimann, have worked my entire adult life and never had to collect unemployment regularly, and I only collected unemployment for emergencies beyond my control. For example, the last time I collected unemployment was for Hurricane Sandy. Besides the pandemic, Atlantic City was closed entirely during Hurricane Sandy.

2. My working habits are reflected in my work history. I worked for many individuals, establishments, and nonprofits. My primary employment for the last 22 years was with the Days Inn in Atlantic City as a manager, night manager, maintenance, toilet cleaner, boiler engineer, roof fixer etc.

3. This case began when I became injured from circumstances of my job by no fault of mine.

4. I then qualified for social security disability, the gold standard of validity.

5. My doctor provided me with a note releasing me from working at my job.

6. I filed an unemployment claim, and New Jersey Unemployment Insurance (NJUI) preapproved me for over $400 a week of unemployment benefits.

7. Then my employer told NJUI I quit after 22 years of employment when asked.

8. It is not true that I quit, and it is ridiculous that I quit at the very moment I was injured and then released from working in that position with a doctor's determination/note.

9. The employer's claim is false, and he has a motive to lie, as anyone can see.

10. NJUI did not weigh the facts fairly. NJUI failed to investigate my claim and took the employer's *verbal only* unsubstantiated position because I am disabled. It is like putting the cart before the horse without any legitimate provable reason why.

11. Before the pandemic, I was offered many future nonsubstantial gainful activities from many individuals, businesses, and nonprofits I could do because I had intimate knowledge of my community.

12. Then when the Covid-19 pandemic hit, these individuals, businesses, and nonprofits were suddenly closed, just as in Hurricane Sandy, and my offers evaporated.

13. People that are disabled can work but can not make "substantially gainful employment" by no fault of their own, which is my position and what qualified me for PUA benefits, both extended or new. Moreover, the purpose of the PUA legislation is to help the most vulnerable, and it helps the disabled safely and equally overcome the pandemic.

14. NJUI accepted, *without proof*, that I quit since I was disabled and not working. Then disqualified me from PUA extended unemployment and disqualified me from independently qualifying for PUA because I am disabled; this doesn't seem right.

15. Disabled people can and, where possible, should work. Many want to work for needed money and/or social interaction and/or importance/self-esteem/participation in life and contributing to society.

## Venue

16. Since my extended unemployment benefits or my *de novo* unemployment PUA claim is directly connected to a federal congressional act, the venue is proper in this Court to enforce an act of Congress.

17. Since these denials are directly related to my disability, it is a civil rights violation as a disabled person; I am a protected class, and the venue is correct in this Court.

## Facts

18. PUA was made for people who otherwise would not qualify for unemployment, including extending unemployment benefits. In other words, it means those that did not make enough to qualify for unemployment or were unable to take a bonafide offer of employment showing a history of work qualify for unemployment etc.

19. To recap, disabled people can work, but they are not able to do "substantial gainful activity" through no fault of their own, but they can work in some limited capacity. This is true for me in all aspects. Therefore one way or another, I qualify for extended unemployment or minimum PUA benefits.

## Allegations

20. NJUI assumed that since I was disabled, I did not qualify for the unemployment period. However, while I am disabled and cannot do "substantial gainful activity," which is accurate, disabled people do work. I can make a small income while collecting disability benefits but can not because of Covid-19, which is my minimal qualification basis.

21. Because of my disability discrimination, I could not participate in PUA federal program.

22. If NJUI had appropriately weighed the facts and correctly investigated my claim, they would have found that I did not quit.

23. However, NJUI relies on unsustainable hearsay at best, which frankly makes no sense; otherwise, I would have received extended unemployment benefits until my PUA expired.

24. It was an added insult to deny me my extended PUA and then also a new claim for PUA even though I had a well-documented work history and had offers of employment foreclosed by the pandemic

25. Unemployment has denied my PUA benefits based on the stereotype about disabled people that is not part of the PUA legislation.

26. The PUA legislation took the state's unemployment system to distribute benefits to the most vulnerable of our society, fully expecting each state to care for the needs of each person with dignity, thoughtfully, understanding, diligence, and respect. The disabled, especially given their unique needs in exceptional times. It has failed here.

27. The pandemic was very costly. Because of these unlawful actions, I could not pay my bills. I will become homeless, which is not the PUA legislation's intent, nor is it the people of New Jersey's trust in NJUI for respectful, thoughtful, and safe treatment of the disabled or the suddenly unemployed.

## Prayer for Relief

28. In the defended tradition of a citizen having a grievance with the state over a federal act of Congress, I am requesting discovery and to have a jury trial to determine (1) if I qualify for PUA extended unemployment benefits from PUA or (2) if I qualify for *de novo* minimum PUA benefits and (3) if NJUI discriminated against me based on my disability, and (4) if NJUI accepted unsubstantiated claims by my former employer of 22 years with a motive to perjure themselves despite my history of never quitting any position to disqualify me from PUA.

29. Ultimately, my prayers for relief are that my unemployment and my PUA extended benefits be restored and paid in full so I do not become homeless in a motorized wheelchair.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 10th day of September 2022.

Signature of Plaintiff

Paul Reimann

Mailing Address:
2834 Atlantic Ave, Apt 606
Atlantic City, NJ 08401

Telephone Number: 609 621 2323
E-mail Address PaulReimann@proton.me.com

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint.