UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL REIMANN,<br><br>Plaintiff,<br><br>v.<br><br>GREG CASTELLANI, and ROBERT ASARO-ANGELO,<br><br>Defendants. | Civil Action No. 22-5651 (RK) (DEA)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff Paul Reimann's ("Plaintiff") application to proceed *in forma pauperis*, together with Plaintiff's Complaint against Defendants Greg Castellani, the Director of New Jersey Unemployment Insurance, and Robert Asaro-Angelo, the Commissioner of the New Jersey Department of Labor and Workforce Development, (collectively, "Defendants"). (ECF Nos. 1, 1-1).

Leave to proceed *in forma pauperis* will be granted in this case as Plaintiff has adequately set forth his basis to proceed without paying the fees.[1] The Court also has screened the Complaint to determine if it is frivolous or malicious, or fails to observe the necessary pleading requirements or to state a claim. The Court construes the Complaint, (ECF No. 1), as alleging claims under 42

---

[1] Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. When considering IFP applications, the Court undergoes a two-step process: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

U.S.C. § 1983 violation and the American with Disabilities Act. Based on this Court's preliminary review, the Complaint may proceed.[2]

**IT IS** on this 12th of September, 2023, **ORDERED** that:

1. Plaintiff's IFP Application, (ECF No. 1-1), is **GRANTED**;

2. The Clerk shall file the Complaint, (ECF No. 1);

3. The Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each named Defendant;

4. Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;

5. Upon receiving Plaintiff's completed forms, the Clerk of the Court shall issue summons, and the United States Marshals Service shall serve a copy of the complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

6. Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12;

7. Pursuant to 28 U.S.C. § 1915(e)(1) and the Local Civil Rules, Appendix H § 4(a), the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel;

---

[2] "The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the complaint would survive a properly supported motion to dismiss filed by a defendant after service." *Ramirez v. Harper*, No. 22-4986, 2022 WL 20335766, at *1 (D.N.J. Dec. 8, 2022) (citing *Richardson v. Cascade Skating Rink*, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes "[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (citations and quotation marks omitted)).

8. The Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel;

9. If at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Federal Rule of Civil Procedure 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service; and

10. The Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**